Schulte Real Estate
Company, Inc.
vs.
John J. King, et al. } Eq. No. 12441.

December 13, 1933.

CHURCHILL, J. Heard on motion to dismiss.

The bill is to reach and apply and is brought by a judgment creditor of John J. King, the judgment being entered in the Supreme Court of the State of New York.

The bill avers that a certificate of 97 shares of the capital stock of King Holdings, Inc., a corporation organized under the laws of the State of Rhode Island, standing in the name of F. J. Petrovics, is impounded in this State under the order of this Court: that the validity of this certificate is in dispute but that the respondent King has an interest in the stock represented by this certificate.

King is a resident of the State of New York and has not been served with process within this State.

King Holdings, Inc., is in the hands of a receiver appointed by this Court.

The bill, among other things, prays that the interest of King in the shares of stock in King Holdings, Inc., be applied to the satisfaction of the judgment debt.

Relief is prayed in respect to other shares of stock but inasmuch as it is not alleged that the certificates representing such shares are within this State, no ruling is made at this time in respect to jurisdiction as to such shares.

The proceeding is against the interest of King embodied in certain shares of stock, the certificate of which is within this State. The proceeding is thus one in rem to reach a property interest over which this Court has jurisdiction and on which it can adjudicate.

Re Statement of the Law of Conflict of Laws, Final Draft, pp. 83-84, Sec. 56-57,

and see dictum in

Pennoyer vs. Neff, 95 U. S. 714 at 724,

to the point that it is immaterial whether the proceeding against the property be by attachment or by a bill in equity as far as the question of jurisdiction is concerned.

It is objected that only a contingent interest or a mere possibility is involved.

The bill distinctly alleges that King has an interest in the shares represented by the certificate. This is sufficient.

Gorman vs. Stillman, 24 R. I. 264.

Motion to dismiss is denied.

For complainants: Temkin & Temkin.

For respondents: O'Shaunnessy & Cannon.